UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ISIDRO MARQUEZ-AVILA )<br>)<br>Defendant. )<br>) | Criminal Case No. 12-cr-4255 IEG<br><br>-----------------------------<br>RULING ON MOTION OF MATERIAL<br>WITNESS TO COMPEL VIDEOTAPE<br>DEPOSITION |

Alberto Gabriel Garcia-Bahena, the material witness in this matter has filed a motion to compel videotape deposition so that he may return home to Mexico. Defendant opposes the motion. The government has voiced support for the motion.

All parties agree this issue is governed by *Torres-Ruiz vs United States,* 120 F.3rd 933 (9th Cir. 1997). Defendant argues that *Torres* requires the motion be denied for several reasons. *First,* the material witnesses in *Torres* submitted an affidavit in support of their motion. *Second*, in *Torres*, the material witnesses submitted affidavits asserting factually each was the sole support of his family in Mexico and that his family would endure severe economic hardship if the material witness was not able to promptly return home. Thus, these material witnesses provided evidence of "exceptional circumstances" to justify a videotape deposition. *Third*, in *Torres,* the material witnesses motion for a videotape deposition was unopposed by the defendant. These factors do not distinguish *Torres* which the court regards as binding.

1                                                                                               12-cr-4255 IEG

Defendant mistakenly argues that the Ninth Circuit requires a material witness to show an exceptional circumstance to justify a videotape deposition. That is not the holding in *Torres*. Furthermore, *Torres* does not require the material witness to show he or his family is suffering extreme hardship as a result of continued detention. Rather, the existence of extreme hardship is an exceptional circumstance that justified "the extraordinary remedy of mandamus" being sought in *Torres*. In *Torres*, the District Court denied the motion of the material witnesses for videotape depositions. The material witnesses then filed a writ of mandate to the Ninth Circuit which granted mandamus and ordered the depositions to go forward "at the earliest possible date." *Torres, at* 5.

The correct standard according to *Torres* is that the material witness file a "'written motion ...[demonstrating]... His testimony can adequately be secured by deposition and that further detention is not necessary to prevent a failure of justice'." *Id. at 4*. In *Torres,* the Ninth Circuit, favorably quoting a decision from the Fifth Circuit, stated: "[n]o material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and further detention is not necessary to prevent a failure of justice." *Id*. "Absent a 'failure of justice,' the witness must be released." *Id.*

The instant case, as in *Torres*, involves "a straightforward and uncomplicated alien smuggling prosecution." *Id.* In *Torres,* the material witnesses had been in custody 28 days by the time their motion was filed. In the instant case, the material witness was taken into custody on or about September 30, 2012. Thus, he has now been in custody one day short of two months. In addition, the material witness clearly argues he supports himself and his one child and his detention "constitutes a severe economic and emotional hardship for him and his child." *Mat. Wit.'s Mem. of Points and Authorities, at 2*. Again, as in *Torres,* Mr. Garcia cannot find a qualified surety to obtain his release pending Defendant's trial. *Mat. Wit.'s Mem. of Points and Authorities, at 2*. Although this information is not in the form of an affidavit, it is not clear from *Torres* that the material witnesses in that case submitted affidavits.[1] In any event, the court can rely upon the averments of a party in a pleading filed with the court. Finally,

///

///

---

[1] Counsel for the material witnesses did submit a declaration in support of the Writ of Mandate.

Defendant has not demonstrated there would be any failure of justice in this garden-variety alien smuggling case if the videotape depositions are allowed.  Therefore, the videotape deposition shall go forward with all deliberate speed.

**IT IS SO ORDERED.**

DATED: November 29, 2012

*[signature]*

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court